**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD MASSIMO, | ) | Case No. CV 15-6368 MWF(PJWx) |
| | ) | |
| Plaintiff, | ) | [PROPOSED] ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION TO LOS ANGELES COUNTY SUPERIOR COURT |
| v. | ) | |
| BRITTANY PEARCY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is an unlawful detainer action that Defendant Brittany Pearcy removed from the Los Angeles County Superior Court. For the following reasons, the case is summarily remanded back to that court.

In July 2015, Plaintiff Donald Massimo filed an unlawful detainer action in the Los Angeles County Superior Court in Santa Monica, claiming that Defendant Pearcy owed him $3,600 in past-due rent. On August 20, 2015, Defendant removed the action to this court, arguing that there was federal question jurisdiction because the action turns on questions of federal law.

Generally speaking, federal district courts lack subject matter jurisdiction over unlawful detainer actions like this one because they

are grounded in state, not federal, law and do not become federal cases when a defendant raises a federal question as an affirmative defense or counterclaim.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . .[or] rest upon an actual or anticipated counterclaim.") (internal citations omitted).  Further, it is clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332 because, even if Defendant could establish diversity, the amount in controversy is less than $10,000.  As a result, Defendant's removal of the action was improper and the case will be remanded to the Superior Court for further proceedings.  *See* 28 U.S.C. § 1441(a); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Los Angeles County Superior Court, 1725 Main Street, Santa Monica, CA; (2) the clerk shall send a certified copy of this Order to the state court; and (3) the clerk shall serve copies of the Order on the parties.

IT IS SO ORDERED.

DATED: August 26, 2015

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-IFP\Civil duty IFP denials\Pearcy.wpd

2